```
 1                IN THE UNITED STATES DISTRICT COURT

 2                   FOR THE DISTRICT OF NEW MEXICO

 3   UNITED STATES OF AMERICA,

 4              Plaintiff,

 5      vs.                                      CR-06-2083 JEC

 6   LEROY LUCERO,

 7              Defendant.

 8

 9                    TRANSCRIPT OF PROCEEDINGS
                         SENTENCING HEARING
10           BEFORE THE HONORABLE JOHN EDWARDS CONWAY
                 SENIOR UNITED STATES DISTRICT JUDGE
11                OCTOBER 10, 2007, 10:40 A.M.
                     ALBUQUERQUE, NEW MEXICO
12

13   FOR THE PLAINTIFF:

14        UNITED STATES ATTORNEY'S OFFICE
          District of New Mexico
15        201 Third Street, Northwest, Suite 900
          Albuquerque, New Mexico  87102
16        BY:  MR. LOUIS E. VALENCIA

17

18   FOR THE DEFENDANT:

19        FEDERAL PUBLIC DEFENDER'S OFFICE
          District of New Mexico
20        111 Lomas Boulevard, Northwest, Suite 501
          Albuquerque, New Mexico  87102
21        BY:  MR. RICHARD A. WINTERBOTTOM

22

23        Proceedings recorded by mechanical stenography,
     transcript produced by computer.
24

25


              JULIE GOEHL, RDR, CRR, RPR, RMR, NM CCR #95
                   FEDERAL OFFICIAL COURT REPORTER
                   333 Lomas Boulevard, Northwest
                   Albuquerque, New Mexico  87102
```

```
 1    Probation Officer:  MS. LORETTA SANCHEZ

 2    Reported by:

 3         JULIE GOEHL, RDR, CRR, RPR, RMR, NM CCR #95
           United States Court Reporter
 4         333 Lomas Boulevard, Northwest
           Albuquerque, New Mexico  87102
 5         Phone:  (505)348-2209
           Fax:  (505)348-2315
 6         Email:  Julie_Goehl@nmcourt.fed.us

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                       SENTENCING HEARING
 2                 (Court in session at 10:40 a.m.)
 3             THE COURT:  United States of America v. LeRoy
 4   Lucero, Criminal Cause 06-2083.
 5             MR. VALENCIA:  Good morning, Your Honor.
 6   Louis Valencia on behalf of the United States.
 7             MR. WINTERBOTTOM:  Richard Winterbottom, Your
 8   Honor, on behalf of Mr. Lucero, and he is present.
 9             THE COURT:  All right.  Please come forward.
10             Have you had an opportunity to review the
11   presence report with your client?
12             MR. WINTERBOTTOM:  I have, Judge.
13             THE COURT:  Anything in the presentence report
14   you specifically wish to call to my attention?
15             MR. WINTERBOTTOM:  Not necessarily, Judge.
16             THE COURT:  That doesn't tell me anything,
17   "not necessarily."  Either you do or you don't.
18             MR. WINTERBOTTOM:  I don't, Judge.
19             THE COURT:  All right.  Anything you wish to
20   say on behalf of your client before I impose sentence?
21             MR. WINTERBOTTOM:  Judge, the presentence
22   report finds Mr. Lucero to be an armed career criminal.
23   His guidelines are 180 months to 210 months.  The
24   government, pursuant to the plea agreement, has agreed
25   to recommend 180 months.
```

1                    We would ask the Court to sentence Mr. Lucero
2       to 180 months.
3                    I would ask the Court to recommend the
4       500-hour drug program, and also that he be designated to
5       the Victorville USP.
6                    Judge, sometimes I feel like I am not really
7       capable of doing much for my client, and I'm afraid
8       that's the case here.  Mr. Lucero has a fairly
9       significant criminal history.  His mother was a drug
10      addict.  He grew up basically institutionalized.
11                   My sense is -- and I've known LeRoy now for
12      almost nine months -- that after being in the New Mexico
13      penitentiary system for years and years and years, he
14      has learned something.
15                   He has an eight-month-old son who was here in
16      court a few minutes ago, who he absolutely dotes upon.
17      He has a wife who is a hard-working woman and is loyal
18      to him.
19                   He came out of prison.  He was on parole.  He
20      found a job at a window installation company.  He was
21      doing pretty well.  He wasn't using drugs, as far as
22      anyone knows.
23                   And he really had some goals.  He hopes he
24      maintains those during the course of his incarceration.
25      He's going to be younger than I am when he gets out, and

1    I'm encouraging him to realize that he still has a
2    future with his family and his kids, and hopefully he
3    can still salvage some parenthood and bring them up
4    better than perhaps he was.
5              THE COURT:  All right.  Do you have anything
6    you wish to say?
7              THE DEFENDANT:  Yes, sir, I do.
8              First of all, I would like to apologize to my
9    wife for leaving her alone to raise my son; and my
10   father, for putting him into this.  I think this is a
11   harsh punishment.  I was trying to protect my family,
12   trying to do it the legal way.
13             Yes, I did possess a firearm.  I shouldn't
14   have had it, but somebody was trying to break into my
15   house and hurt my family.  I didn't know what to do.
16             That's it.
17             THE COURT:  All right.  The Court has reviewed
18   the presentence report factual findings and has
19   considered the sentencing guideline applications and the
20   factors set forth in 18 United States Code Section
21   3553(a)(1) through (7), including the finding that the
22   defendant is an armed career criminal.
23             The offense level is 30, the criminal history
24   category is VI.  Pursuant to Section 5G1.1, the
25   guideline imprisonment range is 180 to 210 months.  The

1        Court notes the felony is possession of a firearm.
2                 As to the indictment, Criminal Cause 06-2083,
3        the defendant, LeRoy Lucero, is committed to the custody
4        of the Bureau of Prisons for a term of 180 months.
5                 The Court recommends the defendant participate
6        in the Bureau of Prisons 500-hour drug and alcohol
7        treatment program.
8                 The defendant is placed on supervised release
9        for a term of three years.
10                The defendant must comply with the standard
11       conditions of supervised release and the following
12       mandatory conditions:
13                The defendant will submit to DNA collection in
14       compliance with the statutory requirements while
15       incarcerated in the Bureau of Prisons or at the
16       direction of the United States Probation Office.
17                The defendant shall not possess, have under
18       his control, or have access to any firearm, ammunition,
19       explosive device, or other dangerous weapons, as defined
20       by federal, state, or local law.
21                The following special condition will also be
22       imposed:
23                The defendant must participate in and
24       successfully complete a substance abuse treatment
25       program, which may include drug testing, outpatient

1       counseling, or residential placement.
2               The defendant may be required to pay a portion
3       of the cost of treatment and/or drug testing, as
4       determined by the Probation Office.  The defendant must
5       refrain from the use and possession of alcohol and other
6       forms of intoxicants.  He must not frequent places where
7       alcohol is the primary item for sale.
8               The defendant must submit to a search of his
9       person, property, or automobile under his control, to be
10      conducted in a reasonable manner and at a reasonable
11      time, for the purpose of detecting firearms, ammunition,
12      and drugs, at the direction of the probation officer.
13      He must inform any residents that the premises may be
14      subject to a search.
15              The defendant must participate in and
16      successfully complete a mental health treatment program,
17      which may include outpatient counseling, residential
18      placement, or prescribed medication, as approved by the
19      probation officer.
20              The defendant may be required to pay a portion
21      of the costs of this treatment, as determined by the
22      Probation Office.
23              I will not impose a fine.  I will impose a
24      special assessment.
25              Consistent with the stipulation in the plea

1    agreement, the defendant forfeits his rights, title, and
2    interest to a Mossberg Model 500A 12-gauge shotgun,
3    Serial Number K117708, and two Winchester brand 12-gauge
4    cartridges of ammunition.
5           The defendant will pay a special assessment of
6    $100, which is due and payable immediately.
7           Pursuant to 18 United States Code Section
8    3742(a), within ten days of the entry of the judgment
9    you have the right to appeal the final sentence of this
10   Court.
11          You have the right to apply for leave to
12   appeal in forma pauperis if you are unable to pay the
13   cost of an appeal.
14          I'll recommend that you be incarcerated in
15   Victorville, California.
16          Now, let me give you a little friendly advice.
17   When you get out of prison, don't go back to Las Vegas.
18   I mean, it's done nothing but get you in trouble.  So
19   you figure out someplace else you want to live, out of
20   state here.  I mean, out of state or in state, but not
21   in Las Vegas.  Because if you go back to Vegas, you're
22   going to fall into the same friends, same thing.
23          Well, I won't see you in 15 years, I won't be
24   around, but the next judge will.  So stay out of
25   trouble.

1         You can earn 56 days a year good time, is it?
2         MR. WINTERBOTTOM:  Fifty-four.
3         THE COURT:  Fifty-four.  So your 180 months
4 can be cut down a fair amount if you stay out of
5 trouble.  So stay out of trouble, and don't go back to
6 Vegas.  All right?
7         Good luck to you.
8         MR. WINTERBOTTOM:  Thank you, Your Honor.
9         (Proceedings concluded at 10:47 p.m.)
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

JULIE GOEHL, RDR, CRR, RPR, RMR, NM CCR #95
FEDERAL OFFICIAL COURT REPORTER
333 Lomas Boulevard, Northwest
Albuquerque, New Mexico  87102

```
1    UNITED STATES OF AMERICA

2    DISTRICT OF NEW MEXICO

3

4                CERTIFICATE OF OFFICIAL REPORTER

5                I, Julie Goehl, RDR, CRR, RPR, RMR,

6    New Mexico CCR #95, Federal Official Realtime Court

7    Reporter, in and for the United States District Court

8    for the District of New Mexico, do hereby certify that

9    pursuant to Section 753, Title 28, United States Code,

10   that the foregoing is a true and correct transcript of

11   the stenographically reported proceedings held in the

12   above-entitled matter and that the transcript page

13   format is in conformance with the regulations of the

14   Judicial Conference of the United States.

15               Dated this 8th day of February, 2016.

16

17                    _____

                      JULIE GOEHL
18                    FEDERAL OFFICIAL COURT REPORTER
                      Registered Diplomate Reporter
19                    Registered Professional Reporter
                      Registered Merit Reporter
20                    Certified Realtime Reporter
                      NM Certified Court Reporter #95
21                    333 Lomas Boulevard, Northwest
                      Albuquerque, New Mexico  87102
22                    Phone:   (505)348-2209
                      Fax:     (505)348-2215
23                    Email:  Julie_Goehl@nmcourt.fed.us

24

25
```